UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA

-------------------------------------------------------------------------X
BRANDON ADKINS, and                                            :
TRACI ADKINS,                                                          :
                            Plaintiffs,                   :
                       -v-                                  :
                                                                      :
WELLS FARGO BANK, N.A., and                            :   Civil Action No. 3:19-cv-00275
JOHN DOE ENTITY,                                                 :
                       Defendants.                  :
-------------------------------------------------------------------------X

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Wells Fargo Bank, N.A. ("Wells Fargo") gives notice that it is removing this civil action to this Court, which action was originally commenced in the Circuit Court for Wayne County, West Virginia ("State Court"). Wells Fargo files this notice of removal without waiving any claims, defenses, objections, rights, or obligations that may exist in its favor in state or federal court. In support of removal, Wells Fargo further states:

1. Plaintiffs filed the Complaint against Wells Fargo in State Court on March 9, 2019. The case is pending under the caption of Brandon Adkins and Traci Adkins v. Wells Fargo Bank, N.A. and John Doe Entity, Civil Action No. 19-C-29 (the "State Court Action").

2. Plaintiffs served Wells Fargo with the Summons and Complaint on March 14, 2019, by delivering a copy to the offices of the West Virginia Secretary of State. A copy of the Summons and Complaint is attached as **Exhibit A.**

3. The Court has subject matter jurisdiction over the State Court Action under 28 U.S.C. § 1332(a)(1) which states that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of

interest and costs, and is between ... citizens of different States."

4. Plaintiffs are residents of Wayne County, West Virginia. See Compl. ¶ 1. For purposes of diversity of citizenship under 28 U.S.C. § 1332, plaintiffs are citizens of West Virginia.

5. Wells Fargo is a national banking association organized and operating under the National Bank Act, 12 U.S.C. §§ 21, et seq.[1] For purposes of determining diversity of citizenship, national banking associations are "citizens of the States in which they are respectively located." 28 U.S.C. § 1348. The United States Supreme Court has construed this language to mean that a national banking association is a citizen of the State in which its main office, as set forth in its articles of association, is located. Wachovia Bank, N.A. v. Schmidt, 546 U.S. 303, 318 (2006). Wells Fargo's main office, as set forth in its articles of association, is located in Sioux Falls, South Dakota. For purposes of diversity of citizenship under 28 U.S.C. § 1332, Wells Fargo is a citizen of South Dakota.

6. Because plaintiffs allege that they are citizens of West Virginia and that Defendant is a citizen of a state other than West Virginia, there is complete diversity among the parties.

7. The amount in controversy requirement is satisfied "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332.

8. An examination of the facts asserted and damages sought in the Complaint

---

[1] The court may take judicial notice of the fact that Wells Fargo is a national bank. See United States v. Harris, 530 F.2d 576, 578 (4th Cir.1976); United States v. Thomas, 610 F.2d 1166, 1171 (3d Cir. 1979) (justifying judicial notice of bank's national character because the word "National" in a bank's title is "virtually conclusive evidence that the bank is federally chartered").

confirms that the amount in controversy requirement is satisfied here.

9. Under 28 U.S.C. § 1446(a), a "notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." <u>Dart Cherokee Basin Operating Co., LLC v. Owens</u>, 135 S. Ct. 547 (2014); <u>see</u> <u>also</u> <u>Scott v. Cricket Commc'ns, LLC</u>, 865 F.3d 189, 195 (4th Cir. 2017).

10. The Complaint purports to assert a claim under section 46A-2-125(d) of the West Virginia Consumer Credit and Protection Act (the "WVCCPA"). For debt collection calls proven to violate section 46A-2-125(d), a plaintiff may recover $1,000 per call, up to the greater of $175,000 or the total alleged outstanding indebtedness at issue. W. Va. Code § 46A-5-101(1). The Complaint places in controversy more than the jurisdictional threshold because plaintiffs demand that Wells Fargo "pay … [s]tatutory damages in the <u>maximum allowed by</u>" section 46A-5-101(1) (emphasis added), that is, at least $175,000. <u>See</u> Compl., Demand for Relief ¶ B.

11. Additionally, while they do not quantify the number of calls they claim to have received in the past four years, plaintiffs assert that Wells Fargo called them "on a regular basis," Compl. ¶ 9, and that the calls were "constantly fresh on their minds due to [their] volume and consistency," Compl. ¶ 10. Because plaintiffs' allegations raise the inference that they received at least 75 calls during that four-year period, the Complaint places in controversy more than $75,000.

12. Finally, plaintiffs also demand actual damages, general damages, punitive damages, and costs of litigation, including attorneys' fees and costs. Compl., Demand for Relief. Taking these additional items into consideration, it is apparent from the face of the Complaint that plaintiffs have placed in controversy more than $75,000.

13. This notice of removal is timely filed within thirty (30) days of receipt through

service or otherwise of a copy of the initial pleading setting forth the claim for relief upon which this action is based in accordance with 28 U.S.C. § 1446(b).

14. Upon information and belief, no further proceedings have been had in the State Court Action.

15. The United States District Court for the Southern District of West Virginia encompasses the county in which the State Court Action is now pending. Thus, removal to this Court is proper pursuant to 28 U.S.C. § 1441(a).

16. No previous application has been made for the relief requested herein.

17. Pursuant to 28 U.S.C. §1446(d), Wells Fargo is filing written notice of this removal with the clerk of the State Court.

18. Copies of the notice of filing notice of removal, together with this notice of removal, are being served upon Plaintiffs' counsel pursuant to 28 U.S.C. § 1446(d).

WHEREFORE, Wells Fargo respectfully requests that the Court assume jurisdiction over this matter and that no further proceedings be held in the State Court. In the event that any question arises as to the proprietary of removal, Wells Fargo requests the opportunity to submit briefs and be heard at argument in support of its position that removal is proper.

This, the 12th day of April, 2019.

    Respectfully submitted,

    */s/ Thomas C. Ryan*
    Thomas C. Ryan (WVSB # 9883)
    K&L Gates LLP
    K&L Gates Center
    210 Sixth Avenue
    Pittsburgh, PA 15222
    Telephone: (412) 355-6500
    Facsimile: (412) 355-6501
    E-mail: thomas.ryan@klgates.com
    **Counsel for Wells Fargo Bank, N.A.**

**CERTIFICATE OF SERVICE**

I, the undersigned, certify that on April 12, 2019, this document, filed through the Court's CM/ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent via first class mail, postage prepaid, to those indicated as non-registered participants.

    */s/ Thomas C. Ryan*
Thomas C. Ryan (WVSB # 9883)
K&L Gates LLP
K&L Gates Center
210 Sixth Avenue
Pittsburgh, PA 15222
Telephone:  (412) 355-6500
Facsimile:   (412) 355-6501
E-mail:  thomas.ryan@klgates.com
***Counsel for Wells Fargo Bank, N.A.***