# Exhibit A

Office of the Secretary of State
Building 1 Suite 157-K
1900 Kanawha Blvd E.
Charleston, WV 25305



**Mac Warner**
Secretary of State
State of West Virginia
**Phone:** 304-558-6000
886-767-8683
**Visit us online:**
www.wvsos.com



USPS CERTIFIED MAIL™

9214 8901 1251 3410 0002 4902 91

WELLS FARGO BANK, N.A.
420 MONTGOMERY STREET
SAN FRANCISCO, CA 94104

**Control Number:** 235903
**Defendant:** WELLS FARGO BANK, N.A.
420 MONTGOMERY STREET
SAN FRANCISCO, CA 94104 US

**County:** Wayne
**Civil Action:** 19-C-29
**Certified Number:** 92148901125134100002490291
**Service Date:** 3/14/2019

I am enclosing:

**1 summons and complaint**

which was served on the Secretary at the State Capitol as your statutory attorney-in-fact. According to law, I have accepted service of process in your name and on your behalf.

*Please note that this office has no connection whatsoever with the enclosed documents other than to accept service of process in your name and on your behalf as your attorney-in-fact. Please address any questions about this document directly to the court or the plaintiff's attorney, shown in the enclosed paper, **not to the Secretary of State's office**.*

Sincerely,

*Mac Warner*

Mac Warner
Secretary of State

# SUMMONS

E-FILED | 3/9/2019 3:11 PM
CC-50-2019-C-29
Wayne County Circuit Clerk
Regina Hill

IN THE CIRCUIT OF WAYNE WEST VIRGINIA
**Brandon Adkins v. Wells Fargo Bank, N.A.**

Service Type: Plaintiff - Secretary of State

NOTICE TO: Wells Fargo Bank, N.A., 420 Montgomery Street, San Fransico, CA 94104

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE OPPOSING PARTY'S ATTORNEY:

Matthew Stapleton, 400 5th Avenue, Huntington, WV 25701

THE ANSWER MUST BE MAILED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.

SERVICE:

3/9/2019 3:11:55 PM          /s/ Regina Hill
        Date                       Clerk

RETURN ON SERVICE:

☐ Return receipt of certified mail received in this office on _____

☐ I certify that I personally delivered a copy of the Summons and Complaint to _____

☐ Not Found in Bailiwick

_____          _____
      Date                  Server's Signature

ACCEPTED FOR SERVICE OF PROCESS
SECRETARY OF STATE
STATE OF WEST VIRGINIA
2019 MAR 14 P 12: 51



West Virginia E-Filing Notice

CC-50-2019-C-29

Judge: Darrell Pratt

**To:** Matthew Stapleton
stapletonlawoffices@gmail.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF WAYNE COUNTY, WEST VIRGINIA

Brandon Adkins v. Wells Fargo Bank, N.A.
CC-50-2019-C-29

The following complaint was FILED on 3/9/2019 3:11:55 PM

Notice Date: 3/9/2019 3:11:55 PM

Regina Hill
CLERK OF THE CIRCUIT
Wayne
PO Box 38
WAYNE, WV 25570

(304) 272-6359
regina.hill@courtswv.gov

# COVER SHEET

E-FILED | 3/9/2019 3:11 PM
CC-50-2019-C-29
Wayne County Circuit Clerk
Regina Hill

## GENERAL INFORMATION

IN THE CIRCUIT COURT OF WAYNE COUNTY WEST VIRGINIA

**Brandon Adkins v. Wells Fargo Bank, N.A.**

| | | | | | |
|---|---|---|---|---|---|
| **First Plaintiff:** | ☐ Business | ☑ Individual | **First Defendant:** | ☑ Business | ☐ Individual |
| | ☐ Government | ☐ Other | | ☐ Government | ☐ Other |

**Judge:** Darrell Pratt

## COMPLAINT INFORMATION

**Case Type:** Civil    **Complaint Type:** Other

**Origin:** ☑ Initial Filing  ☐ Appeal from Municipal Court  ☐ Appeal from Magistrate Court

**Jury Trial Requested:** ☑ Yes ☐ No    **Case will be ready for trial by:** 6/1/2020

**Mediation Requested:** ☑ Yes ☐ No

**Substantial Hardship Requested:** ☐ Yes ☑ No

☐ Do you or any of your clients or witnesses in this case require special accommodations due to a disability?

☐ Wheelchair accessible hearing room and other facilities

☐ Interpreter or other auxiliary aid for the hearing impaired

☐ Reader or other auxiliary aid for the visually impaired

☐ Spokesperson or other auxiliary aid for the speech impaired

☐ Other:

☐ I am proceeding without an attorney

☑ I have an attorney: Matthew Stapleton, 400 5th Avenue, Huntington, WV 25701

# SERVED PARTIES

**Name:** Wells Fargo Bank, N.A.

**Address:** 420 Montgomery Street, San Fransico WV 94104

**Days to Answer:** 30 **Type of Service:** Plaintiff - Secretary of State

E-FILED | 3/9/2019 3:11 PM
CC-50-2019-C-29
Wayne County Circuit Clerk
Regina Hill

## IN THE CIRCUIT COURT OF WAYNE COUNTY, WEST VIRGINIA

**BRANDON ADKINS, and**
**TRACI ADKINS**

        **PLAINTIFFS,**

**V.**                                   **CIVIL ACTION NO._____**

**WELLS FARGO BANK, N.A., and**
**JOHN DOE ENTITY,**

        **DEFENDANT.**

## COMPLAINT

**COME NOW** the Plaintiffs, Brandon & Traci Adkins, by and through counsel, Matthew P. Stapleton and Stapleton Law Offices, and hereby state the following for their Complaint:

### PARTIES

1. The Plaintiffs are residents of Wayne County, West Virginia.

2. The Plaintiffs are persons protected by the West Virginia Consumer Credit and Protection Act (the WVCCPA) and, thus, are entitled to its remedies.

3. The Defendant is a corporation conducting business in West Virginia.

### FACTS

4. Wells Fargo Bank, N.A., is a debt collector as defined by West Virginia Code Sec. 46A-2-122(d) engaging the debt collection as defined by West Virginia Code Sec. 46A-2-122(c), and is otherwise subject to the WVCCPA.

5. Once the Plaintiffs fell into arrears upon an alleged indebtedness owed by Plaintiffs to the Defendant, the Defendant began to attempt to collect from the Plaintiffs by placing telephone calls and sending letters to the Plaintiffs, and did in fact communicate with the Plaintiffs to collect the debt.

6. In addition to written communication, the Plaintiffs began receiving telephone calls from the Defendant on a regular basis.

7. As a result of the high volume of collection activities by Defendant, Plaintiffs retained legal counsel prior to February 3, 2015, to represent their interest in relation to this alleged debt.

8. During a telephone call initiated by Defendant, which call occurred on or around February 3, 2015, following the retention of counsel relating to the debt with the Defendant, the Plaintiffs informed the Defendant they were represented by an attorney and to not contact them anymore and gave the Defendant's representatives the attorney's name and contact information for the attorney.

9. Following this notification of representation, the Defendant continued to attempt to collect on the alleged debt by placing telephone calls to the Plaintiffs, placing calls on a regular basis to telephone numbers associated with the Plaintiffs, written communication, and other forms of communication.

10. The repeated nature of Defendant's collection attempts caused the Plaintiffs to endure stress and anxiety on a daily basis. Additionally, the Plaintiffs not only endured the annoyance, worry, and aggravation at the time of the collection attempts, but also at many other times as it was constantly fresh on their minds due to the volume and consistency of collection attempts.

## COUNT I

**VIOLATING THE WEST VIRGINIA CONSUMER CREDIT AND PROTECTION ACT**

11. Plaintiffs incorporate the previous paragraphs as if fully set forth here.

12. The Defendant has repeatedly violated the West Virginia Consumer Credit and Protection Act including, but not limited to,

   a. using unfair or unconscionable means to collect a debt from the Plaintiffs in direct violation of West Virginia Code Sec 46A-2-128(e) by communicating with the Plaintiffs after the Defendant knew the Plaintiffs were represented by an attorney and the attorney's name, telephone number, and location were known by the Defendant;

   b. engaging in unreasonable, oppressive, or abusive conduct toward the Plaintiffs by placing a large amount of telephone calls to the Plaintiffs in an attempt to collect a debt in violation of West Virginia Code Sec. 46A-2-125;

   c. causing the Plaintiffs phone to ring or engaging persons, including the Plaintiffs, in telephone conversations repeatedly or continuously, with the intent to annoy, abuse, or oppress the Plaintiffs in violation of West Virginia Code Sec. 46A-2-125(d).

13. As a direct result of the Defendant's actions and conduct, the Plaintiffs have been annoyed, inconvenienced, harassed, bothered, upset, threatened, and were otherwise caused indignation and distress.

## COUNT II

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

14. Plaintiffs incorporate the previous paragraphs as if fully set forth here.

15. Defendant's conduct was so egregious and extreme that it exceeded the bounds of decency including, but not limited to:

    a. Defendant placed a high volume of calls to the Plaintiffs' home directly in violation of the WVCCPA;

    b. Defendant continued to contact the Plaintiffs while knowing they were represented by an attorney, directly in violation of the WVCCPA;

    c. Defendant caused the Plaintiffs to endure consistent stress, aggravation, and annoyance due to the pattern of calls by Defendant;

    d. The Defendant has intentionally adopted policies and procedures without regard to West Virginia law and that violate West Virginia law;

    d. Defendant has intentionally adopted policies and procedures which have the effect of inflicting emotional distress upon consumers to coerce them to pay money to the Defendant;

16. As a direct result of Defendant's conduct, the Plaintiffs have suffered significant emotional distress.

17. As a direct result of the Defendant's action and conduct, Plaintiffs have been annoyed, inconvenienced, harassed, bothered, upset, threatened, and were otherwise caused indignation and distress.

## **COUNT III**

## COMMON LAW INVASION OF PRIVACY

18. Plaintiffs incorporate the previous paragraphs as if fully set forth here.

19. Plaintiffs, like all citizens, have an expectation of privacy with includes the right to be free from harassing and annoying telephone calls.

20. Defendant's conduct of placing extreme amounts of telephone calls and sending repeated letters to the Plaintiffs' home invaded, damaged, and harmed the Plaintiffs' right of privacy.

21. As a direct result of the conduct of the Defendant, the Plaintiffs have suffered emotional distress.

22. As a direct result of the Defendant's action and conduct, Plaintiffs have been annoyed, inconvenienced, harassed, bothered, upset, threatened, and were otherwise caused indignation and distress.

## **DEMAND FOR RELIEF**

Plaintiffs demand the Defendant pay the following:

A. Actual damages for annoyance, inconvenience, distress, bother, anxiety, and the Defendant's repeated violations of the WVCCPA for all such violations up to the time this complaint was filed.

B. Statutory damages in the maximum allowed by West Virginia Code Sec. 46A-5-101(1) as adjusted for inflation pursuant to West Virginia Code Sec. 46A-5-106 for all such violations up to the time this complaint was filed.

C. Pursuant to West Virginia Code Sec. 46A-5-104, Plaintiffs' cost of litigation including, but not limited to, attorney fees and court costs.

D. General damages for the Defendant's negligence alleged in Count II and Count III

of this complaint.

E. Punitive damages for the Defendant's conduct alleged in Count II and Count III of this complaint.

F. Any other relief the Court shall deem proper under the circumstances.

        **BRANDON ADKINS**
        **TRACI ADKINS**
        By Counsel

        /s/Matthew P. Stapleton
        Matthew P. Stapleton (WVSB #12334)
        Scott G. Stapleton (WVSB #3568)
        Stapleton Law Offices
        400 5th Avenue
        Huntington, WV 25701
        (304) 529-1130